UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

THOMAS MANN,

    Plaintiff,

vs.

UNITED OF OMAHA LIFE
INSURANCE COMPANY,

    Defendant.
_____)

    The Plaintiff, THOMAS MANN ("MANN"), by and through the undersigned counsel, hereby sues UNITED OF OMAHA LIFE INSURANCE COMPANY ("UNITED") and alleges:

## **PRELIMINARY ALLEGATIONS**

    1.    "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

    2.    MANN was at all times relevant a plan participant under the Poarch Band of Creek Indians Long Term Disability Plan, Group Policy No. GUPR-ADB6 ("LTD"

Plan).[1]

3. Defendant, UNITED, is a Corporation with its principal place of business in the State of Nebraska, authorized to transact and transacting business in the Southern District of Florida. UNITED is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.  As the decision maker and payor of plan benefits, UNITED administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The UNITED LTD Plan is an employee welfare benefit plan regulated by ERISA, established by the Poarch Band Creek of Indians ("PBCI"), under which MANN was a participant, and pursuant to which MANN is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, MANN is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as MANN remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, UNITED, is authorized to and is doing business within the Southern District of Florida, can be found in the Southern District of Florida and the final denial of benefits occurred within this Court's jurisdiction.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. MANN incorporates by reference all preceding paragraphs as though fully set forth herein.

7. At all times relevant, MANN was an employee or former employee of the

---
[1] A copy of the LTD Plan is attached hereto as Exhibit "A."

Poarch Band Creek of Indians and a plan participant under the terms and conditions of the LTD Plan.

8. During the course of MANN's employment, MANN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while MANN was covered under the LTD Plan MANN suffered a physical disability as a result of Sickness, the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

9. As it relates to MANN's current claim for benefits, Disability is defined to mean:

> **Disability and Disabled** means that because of an Injury or Sickness, a significant change in Your mental or physical functional capacity has occurred in which You are:
> (a) prevented from performing at least one of the Material Duties of Your Regular Occupation on a part-time or full-time basis; and
> (b) unable to generate Current Earnings which exceed 99% of Your Basic Monthly Earnings due to that same Injury or Sickness.
>
> After a Monthly Benefit has been paid for 2 years, Disability and Disabled mean You are unable to perform all of the Material Duties of any Gainful Occupation.

10. Due to restrictions and limitations arising from a physical "disability", MANN ceased working and made a claim to UNITED for benefits under PBCI's long-term disability plan beginning on or about December 3, 2013.

11. UNITED approved and paid MANN's long-term disability claim beginning March 3, 2014, following the 90 day waiting period.

12. On or about February 5, 2016, UNITED notified MANN that it was terminating his claim for LTD Benefits and was not approving benefits beyond April 12, 2016.

13. MANN timely appealed UNITED's adverse benefit determination.

14. On or about September 1, 2016, UNITED affirmed its adverse determination and upheld its decision to deny MANN's LTD benefits.

15. MANN has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

16. UNITED breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to MANN at a time when UNITED and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as MANN was disabled and unable to work and therefore entitled to benefits.

   b. After MANN's claim was denied in whole or in part, UNITED failed to adequately describe to MANN any additional material or information necessary for MANN to perfect his claim along with an explanation of why such material is or was necessary.

   c. UNITED failed to properly and adequately investigate the merits of MANN's disability claim and failed to provide a full and fair review of MANN's claim.

17. MANN believes and alleges that UNITED wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which MANN is presently unaware, but which may be discovered in this future litigation and which MANN will immediately make UNITED aware of once said acts or omissions are discovered by MANN.

18. As a proximate result of the aforementioned wrongful conduct of

UNITED under the LTD Plan, MANN has damages for loss of disability benefits in a total sum to be shown at the time of trial.

19. As a further direct and proximate result of this improper determination regarding MANN's claim for benefits, MANN, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), MANN is entitled to have such fees and costs paid by UNITED.

20. The wrongful conduct of UNITED has created uncertainty where none should exist; therefore, MANN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, THOMAS MANN prays for relief against United of Omaha Life Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

5

6. Such other and further relief as this Court deems just and proper.

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864


*S/ Cesar Gavidia*
Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com